

*155 Seaport Boulevard*
*Boston, MA 02210-2600*

*617-832-1000 main*
*617-832-7000 fax*

Thaddeus A. Heuer
155 Seaport Boulevard
Boston, MA 02210-2600
617-832-1187 direct
617-832-7000 fax
theuer@foleyhoag.com

June 16, 2026

Clerk of Court
U.S. Court of Appeals for the D.C. Circuit
333 Constitution Avenue, NW
Washington, D.C. 20001

      Re:   *National Trust for Historic Preservation in the United States v. National Park Service, et al.*, Nos. 26-5123, 26-5134

Dear Mr. Cislak:

The National Trust for Historic Preservation writes in response to Defendants' June 12, 2026 letter. Both cases referenced therein are inapposite to the National Trust's standing here.

In *Douglas v. National Park Service*, No. 26-cv-2016, at *7-8 (D.D.C. June 12, 2026), the court found that the only plaintiff with "definite plans" to be at the White House and Lincoln Memorial during the UFC events did "not plan to visit [those sites] *for* their aesthetic value"—meaning she would not, in turn, suffer aesthetic injury.

In sharp contrast, Professor Hoagland's attestation asserts the exact opposite: she (1) "regularly walk[s] through portions of President's Park, including Lafayette Square, in order to enjoy the historic buildings" (JA 75); (2) intends to continue to do so monthly "to be impressed by this iconic building" (JA76); and (3) explains how the imposition of a massive ballroom will "cause permanent and irreparable harm" not only to "the White House and President's Park" but to her "aesthetic, cultural, and historical interests" in using and

enjoying that national park (JA77). What was clearly absent in *Douglas* is amply demonstrated here.

*Johnson v. City of Jacksonville*, No. 23-11937 (11th Cir. June 10, 2026), is even less relevant, since that plaintiff did not allege aesthetic injury at all. Instead, he asserted that he was "deeply repulsed" by the memorialization of the Confederacy in monuments and various public place names. Unlike the *Johnson* plaintiff, Professor Hoagland's aesthetic interests are harmed by the substantial adverse changes Defendants are illegally making to President's Park, a place she regularly uses and enjoys *exactly as the Defendant National Park Service publicly states President's Park is meant to be used*. Br.24-25.

While Defendants clearly *wish* claims of aesthetic injury were merely coextensive with the "observation of conduct with which one disagrees," *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State*, 454 U.S. 464, 485 (1984), that is simply not the law under the longstanding precedents of this Court and the Supreme Court. As the National Trust has explained, Br.21-27, the aesthetic harm to Professor Hoagland readily establishes injury-in-fact here.

Sincerely,

*/s/ Thaddeus A. Heuer*
Thaddeus A. Heuer