FOLEY
HOAG LLP

155 Seaport Boulevard
Boston, MA 02210-2600

617-832-1000 main
617832-7000 fax

Thaddeus A. Heuer
155 Seaport Boulevard
Boston, MA 02210-2600
617-832-1187 direct
617-832-7000 fax
theuer@foleyhoag.com

June 17, 2026

Clerk of Court
U.S. Court of Appeals for the D.C. Circuit
333 Constitution Avenue, NW
Washington, D.C. 20001

Re:  *National Trust for Historic Preservation in the United States v.
     National Park Service, et al.*, Nos. 26-5123, 26-5134

Dear Mr. Cislak:

The National Trust writes in response to Defendants' June 16, 2026 letter. Defendants assert that criminal charges brought by the Department of Justice (relating to an alleged planned threat against the President's open-air UFC event, held on the White House South Lawn last Sunday) are somehow dispositive of this appeal. They are not.

The National Trust reiterates once again: it takes the President's safety and security seriously. *See* Stay Opp. at 11-12; Br. 49; JA505. Defendants have repeatedly advanced national security arguments to the District Court—including on remand from this Court, when such issues were the sole focus. The injunction under appeal explicitly accounts for "the personal safety of the President and his staff." JA513. Yet the District Court's careful factual finding was that its narrowly-tailored injunction would *not* jeopardize national security. That finding is reviewed for clear error, and Defendants have identified none.

Nor do Defendants' repeated invocations of security risks at hotels, rallies, or mixed-martial-arts events bear on the equities relevant to *this* case. Last Sunday's event, with 4,000 attendees, would not have even fit in the proposed

ballroom. Nothing in the injunction halting above-ground ballroom construction limited the security options available to law enforcement for the President's open-air UFC event. Indeed, *the President, the Vice-President, and Speaker Johnson all attended*, with full Secret Service knowledge of the alleged plot that was "detected and disrupted" four days earlier.

In any event, the Supreme Court could not have been clearer: the Constitution forbids the President from exercising powers vested solely in Congress, even when he asserts that a "national catastrophe" "endanger[ing] the well-being and safety" of the country and "immediately jeopardiz[ing]" national defense requires it. *Youngstown Sheet & Tube Co. v. Sawyer,* 343 U.S. 579, 582-84, 589 (1952). Equity does not permit the President to freely violate the separation of powers. Rather, if the President believes any particular security incident bears persuasively on the need for a White House ballroom, he has the same remedy as his predecessors: obtain authorization from Congress, the body in which the Constitution vests plenary authority over the nation's property. *See* JA211; JA257-58.

Sincerely,

*/s/ Thaddeus A. Heuer*
Thaddeus A. Heuer